

# THE ATTORNEY GENERAL
# OF TEXAS

**GERALD C. MANN**
XXXXXXXXXXXXXXXXXXXXXX
**ATTORNEY GENERAL**

**AUSTIN 11, TEXAS**

Honorable Roland Boyd
County Attorney
Collin County
McKinney, Texas

Dear Sir:

Attention Mr. Dwight Whitwell

Opinion No. 0-2332
Re: Should fees of officers be
deposited with the county
depository each day instead
of every thirty days?

Your recent request for an opinion of this department on the above stated question has been received.

Your letter reads, in part, as follows:

"Our local county depository has made the contention that all fees of officers should be deposited with them as they are collected by the officer instead of the officer waiting until the end of each month and filing his report and making his remittance to the County Auditor who then deposits the fees in the county depository. In other words, the depository wants this money deposited with them each day instead of waiting 30 days,

"In this connection I call your attention to Art. 3912E of the Civil Statutes, Subsection 5, which provides that it should be the duty of all officers to charge and collect in the manner authorized by law all fees and commissions which are permitted by law to be assessed and collected for all official service performed by them: as and when such fees are collected they shall be deposited in the officers salary fund. In the same article, subsection O, the statute says that officers receiving an annual salary as compensation for their services

shall on or before the 5th day of each month
file with the County Auditor on forms prescribed
by him a detailed report of all fees collected
by him during the proceeding month and shall
forthwith pay into the officers' salary fund for
his office all fees collected by him during said
month.

"Also in Subsection P of the same statute we
find this language: 'Where any officer receives
a salary payable from the salary fund created for
such officer, all fees, commissions and other
compensation received by him in his official ca-
pacity shall be by him deposited and paid monthly
or oftener into the salary fund created for such
officer and such remittance shall be accompanied
by his report thereof.

"These last two above quoted provisions appear
to apply only to counties in excess of 190,000 pop-
ulation as shown in Section 19 of the act. If our
conclusion on that is correct then the only langu-
age applying to our county would be the language
first quoted above from section 5 and this apparent-
ly could be construed to mean that the officer would
have to report and pay their fees each day.

"Our officers have been filing the monthly re-
port and remittance system under the supervision
and direction of our County Auditor. We do not
find any court decisions under this statute upon
this question and are therefore unable to furnish
a brief of the matter, but it occurs to us that in
as much as the County depository is only entitled
to have all county funds deposited with it that the
question to be decided is whether or not officers
fees under the present salary set-up become county
funds immediately upon being collected or whether
they only become county funds at the end of a 30
day period when the officer reports the collections
to the auditor."

Sections 4 and 5 of Article 3912e, Vernon's Annotated
Civil Statutes, reads as follows:

"Sec. 4. In all counties of this State con-
taining a population of less than on hundred and
ninety thousand (190,000) inhabitants according to
the last preceding Federal Census wherein the county

or precinct officers are compensated on a salary basis under the provisions of this act, there shall be created a fund to be known as the 'Officers' Salary Fund of _____ County, Texas.' Such fund shall be kept separate and apart from all other county funds, and shall be held and disbursed for the purpose of paying the salaries of officers and the salaries of deputies, assistants and clerks of officers who are drawing a salary from said fund under the provisions of this Act, and to pay the authorized expenses of thier offices. Such fund shall be deposited in the county depository and shall be protected to the same extend as other county funds.

"Sec. 5. It shall be the duty of all officers to charge and collect in the manner authorized by law all fees and commissions which are permitted by law to be assessed and collected for all official service performed by them. As and when such fees are collected they shall be deposited in the Officers' Salary Fund or funds provided in this Act. In event the Commissioners' Court finds that the failure to collect any fee or commission was due to neglect on the part of the officer charged with the responsibility of collecting same, the amount of such fee or commission shall be deducted from the salary of such officer. Before any such deduction is made, the Commissioners' Court shall furnish such officer with an itemized statement of the uncollected fees with which his account is to be charged and shall notify such officer of the time and place for a hearing on same, to determine whether such officer was guilty of negligence, which time for hearing shall be at least ten days subsequent to the date of notice. Unless an officer is charged by law with the responsibility of collecting fees, the Commissioners' Court shall not in any event make any deductions from the authorized salary of such officer."

The two provisions of Article 3912a, quoted above, apply to all counties containing a population of less than 190,000 inhabitants according to the last preceding Federal census, wherein the county officers are compensated on a salary basis. Collin County has a population of 46,180 inhabitants according to the last preceding Federal census, and the county officials are compensated on an annual salary basis; therefore, the above quoted provisions would be applicable to said county.

In view of the foregoing statutes, you are respect-

fully advised that it is the opinion of this department that when a county has selected a county depository in the manner required by law, all monies collected by various county officials, should, as and when collected, be deposited in the various funds to which they rightfully belong, in the county depository.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By          Ardell Williams
                 Assistant

AW:oe/PAM

APPROVED MAY 20 1940
GERALD C. MANN
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
BY BWF, CHAIRMAN